■ In the Matter of the Claim of MARINES TRINIDAD, Appellant. COMMISSIONER OF LABOR, Respondent. [801 NYS2d 108]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 15, 2004, which dismissed claimant's appeal from a decision of an Administrative Law Judge as untimely.

By decision dated and mailed May 4, 2004, an Administrative Law Judge sustained an initial determination ruling that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct. The record confirms that claimant appealed this decision by a written notice which she did not mail until June 1, 2004. During a hearing to determine the timeliness of the appeal, claimant admitted to receiving the May 4, 2004 decision shortly after it was mailed and acknowledged that it contained a notice advising her that she had 20 days in which to appeal, but she delayed requesting an appeal due to her ongoing job search and

mistaken belief that she had more time to appeal. Inasmuch as claimant failed to offer a reasonable excuse for failing to comply with the strict 20-day statutory time period set forth in Labor Law § 621 (1), we find no reason to disturb the Unemployment Insurance Appeal Board's decision dismissing claimant's appeal as untimely (*see Matter of Tomao [Commissioner of Labor]*, 21 AD3d 638 [2005]; *Matter of Popescu [Commissioner of Labor]*, 16 AD3d 757, 758 [2005]; *Matter of Plotnik [Commissioner of Labor]*, 13 AD3d 700, 701 [2004]). We need not, therefore, address claimant's arguments relating to the underlying merits of the denial of her application for benefits (*see id.*).

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.